# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
December 15, 2011

Lyle W. Cayce
Clerk

No. 10-51213
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

MIGUEL ANGEL ISLAS-MACIAS, also known as Eduardo Mendoza-Macias,

Defendant-Appellant

Cons. w/ No. 10-51227

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

MIGUEL ANGEL ISLAS-MACIAS,

Defendant-Appellant

Appeals from the United States District Court
for the Western District of Texas
USDC No. 4:09-CR-212-1
USDC No. 4:10-CR-289-1

Before GARZA, SOUTHWICK, and HAYNES, Circuit Judges.

PER CURIAM:[*]

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 10-51213
c/w No. 10-51227

Miguel Angel Islas-Macias (Islas) appeals his sentence following his guilty plea conviction for being found unlawfully present in the United States. He also appeals his revocation sentence imposed after Islas violated the terms of probation arising from a prior improper entry conviction.

Islas contends that, because he argued in the district court that he should receive a lower sentence, plain error review is improper, even though he failed to object on unreasonableness grounds. As Islas concedes, this court has held that an objection to the substantive unreasonableness of a sentence is required to preserve error. *United States v. Peltier*, 505 F.3d 389, 391-92 (5th Cir. 2007); *see also Burge v. Parish of St. Tammany*, 187 F.3d 452, 466 (5th Cir. 1999) (holding that a panel of this court cannot overturn a prior panel's decision).

Islas further challenges the application of the plainly unreasonable standard of review to his revocation sentence although he likewise concedes that this court has held otherwise. *See United States v. Miller*, 634 F.3d 841, 843 (5th Cir. 2011), *petition for cert. filed*, (U.S. May 27, 2011) (No. 10-10784). Because Islas did not object to his revocation sentence, this contention is nevertheless irrelevant, and review of his revocation sentence is also limited to plain error. *See United States v. Whitelaw,* 580 F.3d 256, 259-60 (5th Cir. 2009); *Puckett v. United States*, 129 S. Ct. 1423, 1429 (2009).

In asserting unreasonableness, Islas first argues that the illegal reentry guideline, U.S.S.G. § 2L1.2, is not empirically supported and a sentence under that Guideline is therefore unreasonable. But "[a] discretionary sentence imposed within a properly calculated guidelines range is presumptively reasonable," *United States v. Campos-Maldonado*, 531 F.3d 337, 338 (5th Cir. 2008), and this court has held that examination of the empirical basis for sentencing guidelines is not necessary before applying the presumption of reasonableness. *See United States v. Duarte*, 569 F.3d 528, 529-31 (5th Cir.), *cert. denied*, 130 S. Ct. 378 (2009). This court has also rejected Islas's argument

that the non-violent nature of illegal reentry warrants reversal of the district court's ruling. *See United States v. Aguirre-Villa*, 460 F.3d 681, 683 (5th Cir. 2006).

As for Islas's revocation sentence, his sentencing range was 8-14 months, under the policy statements. *See* § 7B1.4(a), (b)(3)(A). The statutory maximum sentence that could be imposed upon revocation of Islas's parole was a one-year term of imprisonment because the offense resulting in his term of probation was a Class E felony. 18 U.S.C. § 3583(e)(3). Islas's violation of his probation was a Grade B violation, *see* § 7B1.1(a)(2), and at the time of his original sentencing to probation, Islas's criminal history category was III. The 11-month sentence imposed was therefore within the policy statement guidelines range and below the statutory maximum penalty.

Islas contends that all of the goals of sentencing could have been met by a far lower combined sentence. However, "[a] defendant's disagreement with the propriety of the sentence imposed does not suffice to rebut the presumption of reasonableness that attaches to a within-guidelines sentence." *United States v. Ruiz*, 621 F.3d 390, 398 (5th Cir. 2010). The record demonstrates that the district court considered the 18 U.S.C. § 3553(a) factors and Islas's arguments at sentencing before determining that a within-guidelines sentence was fair and reasonable. The district court pointed out that Islas had been voluntarily returned seven times to Mexico and indicated that further deterrence was necessary under those circumstances. The district court's comments indicate that it considered the § 3553(a) factors as well as the Chapter 7 policy statements. Islas has not shown that the revocation sentence imposed was plainly unreasonable.

Accordingly, Islas has not offered sufficient reasons to disturb the judgment of the district court, and the sentences are AFFIRMED.